AO108(2/90) Application for Seizure Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Seizure of
(Address or brief description of property or premises to be seized)

All funds on deposit up to $151,269
at Bank of America, N.A.,
account number xxxxxxxxxx7565,
in the name of Network Circle, Inc.

**APPLICATION AND AFFIDAVIT
FOR SEIZURE WARRANT**

CASE NUMBER:

I, _____Korey Irby_____ being duly sworn depose and say:

I am a(n) __Special Agent with the United States Secret Service__ and have reason to believe
that within the jurisdiction of this Court there is now certain property that is subject to forfeiture to the United States,
namely (describe the property to be seized)

    All funds on deposit up to $151,269 at Bank of America, N.A.,
    account number xxxxxxxxxx7565, in the name of Network Circle, Inc.

which are (state one or more bases for seizure under the United States Code)

    subject to seizure, pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f) and forfeiture pursuant to
    18 U.S.C.§ 981(a)(1)(C) and 28 U.S.C.§ 2465(c)

concerning a violation of Title _18_ United States Code, Section _1341 (mail fraud)_, The facts to support a finding of
Probable Cause for issuance of a Seizure Warrant are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED
HEREIN

Continued on the attached sheet and made a part hereof.    ☒ YES   ☐ NO

Diane Lucas
Asset Forfeiture Unit, Criminal Division
(202) 514-8097

Signature of Affiant
Korey Irby, Special Agent
United States Secret Service

Sworn to before me, and subscribed in my presence

at Washington, D.C.

_____
Date

_____
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

Korey Irby, being duly sworn, deposes and states as follows:

## ITEMS TO BE SEIZED

This affidavit supports an application for a seizure warrant for all monies, up to $151,269, that are contained in Bank of America, N.A., account number xxxxxxxx7565 in the name of Network Circle, Inc.

## AFFIANT'S EXPERIENCE

1. I am a special agent with the United States Secret Service (hereafter "USSS") and have been employed by the USSS since October 9, 2001. Prior to conduction investigations as an agent with the USSS, I obtained a B.S. degree from Virginia Tech. I have received extensive training in how to conduct complex criminal and financial investigations. I was formally trained as a Criminal Investigator at the Federal Law Enforcement Training Center in Glynco, Georgia, and as a Special Agent at the USSS James J. Rowley Training Center in Beltsville, Maryland. During my tenure, I have conducted investigations involving check fraud, the counterfeiting of United States monetary obligations and securities, access device fraud, identity theft, and bank fraud. I am currently assigned to the USSS Washington Field Office, Metro Area Fraud Task Force.

## PURPOSE OF APPLICATION

2. This Affidavit is set forth for the purpose of obtaining a civil and criminal seizure warrant pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f) for all funds on deposit up to $151,269 at Bank of America, N.A., account number xxxxxxxx7565 in the name of Network Circle, Inc.

3. As set forth herein, I have probable cause to believe that such funds are subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2465(c) because they constitute or are derived from proceeds traceable to a mail fraud scheme, in violation of 18 U.S.C. § 1341.

4. I make this affidavit based on personal knowledge through investigative techniques and, in part, upon information derived from written statements made by witnesses and other law enforcement officers, representatives of financial institutions, and a review of bank records.

5. Title 18 U.S.C. § 984 provides that, in any forfeiture action *in rem* in which the subject property is cash [or] funds deposited into a financial institution, the government does not have to identify the specific property involved in the offense that is the basis for the forfeiture; it is no defense that said property has been removed and replaced by identical property; and identical property found in the same account as the property involved in the forfeiture offense are subject to forfeiture. In essence, § 984 allows the government to seize for civil forfeiture identical property found in the same place where the "guilty" property had been kept. However, § 984 does not allow the government to reach back in time for additional period; a forfeiture action against property not directly traceable to the offense that is the basis for the forfeiture cannot be commenced more than one year from the date of the offense.

**FACTS SUPPORTING PROBABLE CAUSE**

6. On or about March 5, 2003, an entity, "Networkcircle, Inc." (hereinafter referred to as "Network Circle") was incorporated as a Maryland corporation, with its principal office located at an address of xxxxxxxxxxxxxxxxxxxxx, Maryland, and with a single director identified as "D J Dua."

7. From on or about April 11, 2004, to on or about March 19, 2007, Dribjot Singh Dua was employed as a manager in the information technology (IT) department of America's Health Insurance Plans (AHIP), a trade association located at 601 Pennsylvania Avenue, N.W., Washington, D.C.  In his written application for the position, a letter dated March 15, 2004, Mr. Dua identified himself as "D J Dua" and provided as his address xxxxxxxxxxxxxxxxxxxxx, Maryland, the same address as Network Circle.

8. In his capacity as an IT manager at AHIP, Mr. Dua was authorized to make purchases from IT vendors for computer hardware, computer software, and computer software licenses for use in AHIP's offices in Washington, D.C.  Between May 2004 and January 2007, Mr. Dua authorized payment of invoices from Network Circle for computer hardware and software, and software licenses, totaling $939,772.77, ostensibly for delivery to and use by AHIP at its offices in Washington, D.C.

9. Network Circle invoices were paid for by AHIP checks made payable to Network Circle, with an address of xxxxxxxxxxxxxxxxxxxxx, Maryland  xxxxxxx.  A total of 71 such checks were paid by AHIP to Network Circle during the time period referenced above.  AHIP advised that it occasionally mailed checks via United States Postal Service and FedEx to Network Circle pursuant to fraudulent invoices from its office in the District of Columbia to Network Circle's post office box in Maryland, but more often Mr. Dua requested that the checks be given directly to him to deliver, through means unknown, since he was the person ostensibly interacting with that vendor on behalf of AHIP.

10. Records reveal that all of the AHIP checks to Network Circle were subsequently deposited into Bank of America, N.A., account number xxxxxxxxx7565 in the name of Network

Circle Inc. According to the signature card for the account, the account is owned by the corporation "Network Circle Inc.," whose president is "D J Dua." The account holder's address, according to the bank records for this account, is xxxxxxxxxxxxxxxxxxxx, Maryland xxxxxxx, the same address on the Network Circle invoices paid by AHIP.

      11. On or about March 19, 2007, Mr. Dua's supervisor questioned him about why Mr. Dua was authorizing AHIP to purchase software and software licenses, from or through Network Circle, far beyond AHIP's needs. Mr. Dua had no explanation, and shortly thereafter abruptly resigned from AHIP.

      12. Employees of AHIP subsequently determined that none of the computer hardware or software Mr. Dua ordered from Network Circle, and for which AHIP had paid Network Circle, had been delivered to AHIP's offices; and that there was no record that any of the software licenses ordered by Mr. Dua from Network Circle, and for which AHIP had paid Network Circle, to authorize AHIP to use certain software had actually been issued to AHIP. In fact, several companies whose products and software had been listed on the Network Circle invoices paid by AHIP later advised AHIP that they had no record that Network Circle was an authorized re-seller or distributor of their products.

      13. Bank records for the Network Circle account at Bank of America reveal that on April 12, 2004, one day after Mr. Dua began employment with AHIP, and prior to the first payment of a fraudulent Network Circle invoice by AHIP, the account had a balance of $1,525.94. From that date until April 6, 2007, when the account was frozen at the request of law enforcement, there was a total of $164,953.43 in deposits that were _not_ attributable to payments from AHIP on the fraudulent Network Circle invoices. Accordingly, from the time Mr. Dua began working at

AHIP, monies fraudulently obtained from AHIP represent approximately 85% of the value of the deposits into that account. In addition, the very last deposit into the account, on February 26, 2007, was an AHIP check to Network Circle, for payment of a fraudulent invoice, in the amount of $15,040. That deposit raised the account's balance on that date to $22,381.47. Additionally, from April 24, 2006 to February 28, 2007, AHIP checks totaling $151,269 were deposited in the Bank of America account. On April 6, 2007, when the account was frozen, the balance was $7,356.94.

## CONCLUSION

14.     I respectfully submit that the facts set forth above make out probable cause to believe that from May 2004 through February 26, 2007, proceeds from mail fraud up to $939,772.77 were deposited into Bank of America, N.A. account number xxxxxxxxx7565 in the name of Network Circle Inc. To the extent that funds in an amount up to $151,269 are now in the Network Circle Inc., account number xxxxxxxxx7565, they constitute or are derived from proceeds traceable to a mail fraud scheme and are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2465(c). They also represent the same or fungible property found in the same place or account from which the property involved in the offense was deposited, within the one-year period after April 24, 2006 and are therefore subject to forfeiture pursuant to Title 18 U.S.C. § 984.

15.     Therefore, I request the issuance of a civil and criminal seizure warrant pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f) for the following personal property: funds on deposit and credit to account number xxxxxxxxx7565 held in the name of Network Circle Inc., held at Bank of America, N.A. up to $151,269.

The statements above are true and accurate to the best of my knowledge and belief.

_____
Korey Irby
Special Agent
United States Secret Service

Subscribed to and sworn before me on this \_\_\_\_\_ day of April, 2007.

_____
UNITED STATES MAGISTRATE JUDGE